IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff-Respondent<br><br>vs.<br><br>Moustapha Lofti Eljammal,<br><br>    Defendant-Movant. | CR 02-1170-PHX-DGC<br><br>CV 08-1778-PHX-DGC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Moustapha Lofti Eljammal ("Movant"), has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. #1.[1] On March 30, 2005, a jury found Movant guilty of 15 felony counts including one count of Conspiracy, six counts of Altering or Removing Motor Vehicle Identification, three counts of Transportation of Stolen Vehicles and five counts of Sale or Receipt of Stolen Vehicles. Doc. #771 of CR 02-1170-PHX-DGC. On December 19, 2005, Movant was sentenced to the Bureau of Prisons for 210 months to be followed by supervised release for three years. Id. Movant filed a Notice of Appeal on December 22, 2005. Doc. #765 of CR 02-1170-PHX-DGC. In July 2007, the Ninth Circuit Court of Appeals issued a memorandum decision in which the court affirmed Movant's

---

[1] The docket numbers refer to the civil case, CV 08-1778, unless otherwise indicated.

convictions on 14 counts. Doc. #876 of CR 02-1170-PHX-DGC. The court reversed the conviction on one count but affirmed the overall sentence. Id.

On September 29, 2008, Movant, through counsel, filed the pending Motion to Vacate. Doc. #1. The District Court screened the motion in an order filed on October 15, 2008, ordered Respondent to respond to the motion, and granted Movant's request to file a supplemental memorandum. Doc. #7. On January 27, 2009, Movant filed a Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. #10. Movant identifies two grounds for relief in his memorandum. First, he contends that his trial attorney provided ineffective assistance of counsel in violation of the Sixth Amendment when he failed to properly advise Movant of the government's plea offer before it expired. Second, Movant alleges that his privately retained appellate lawyer provided ineffective assistance of counsel in violation of the Sixth Amendment when he failed to file a reply brief on direct appeal, the task he was retained to perform. Respondent filed a Response to the Motion to Vacate on April 29, 2009. Doc. #17. Movant then filed a Reply on June 26, 2009.

**DISCUSSION**

Respondent argues in its response that Movant has failed to satisfy the standard for ineffective assistance under the Sixth Amendment. Respondent contends that Movant has not shown deficient performance by his attorneys or that he was prejudiced by their conduct. Respondent therefore argues that Movant's request for relief should be denied.

**A.     Ineffective Assistance of Counsel**

The two-prong test for establishing ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

The Strickland test also applies to ineffective assistance claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). To satisfy the "prejudice" requirement in this context, a defendant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 59.

**B.     Ground One**

Movant contends in ground one that his trial counsel failed to present the government's written plea offer to him or properly advise him about the details of the offer. Movant asserts in his affidavit that prior to his trial, in January 2005, his attorney, William Foreman, met with him in jail and told him there was a plea offer. Doc. #10, Exh. E. Movant contends that Mr. Foreman told him the offer provided for a sentence of less than five years. Id. Counsel also told Movant that he did not have a copy of the plea agreement with him but, at Movant's request, indicated he would bring it the next day. Id. Movant further states that Mr. Foreman did not tell him there was an expiration date for the plea offer. Id.

Movant next contends that Mr. Foreman returned the following day, told him the offer had changed to 77 months, and that he again did not have a copy of the agreement with him. Doc. #10, Exh. E. Movant claims he again asked him for the written agreement and Mr. Foreman told him he would bring it the next day. Id. On the third day, Movant contends that Mr. Foreman again came to see him, told him that the offer changed to 12-15 years and again said he did not have a copy of the written agreement. Id. Movant claims he repeated his

request for a copy. Id. Movant further asserts that after that day, he was told by Mr. Foreman the offer was off the table. Id. Movant claims he never saw a written plea agreement before his trial and was never advised about what was in the agreement other than the length of the sentence. Id. He claims that if he had seen a written plea agreement offering the low end of a 70-87 month sentencing range, which is what the government offered, he would have accepted it. Id.

Movant also asserts in his affidavit that after the trial but before sentencing, he received a letter from Mr. Foreman explaining that a co-defendant had been arrested and that the government was offering a one or two year sentence reduction if Movant helped with the co-defendant's prosecution and waived his right to appeal. Doc. #10, Exh. E. He further contends that Mr. Foreman failed to tell him there was a possibility of a more substantial sentence reduction, nor did Mr. Foreman provide Movant with a written offer or advise him of additional details. Id.

In its response, the government explains that a plea agreement was offered to Movant on January 24, 2005, which contained a sentencing range of 70-87 months. Doc. #17 at 13. The plea offer expired on January 26, 2005, at the close of business. Id.

In support of its response, the government provides an affidavit from William Foreman. Doc. #17, Exh. A. Mr. Foreman explains in the affidavit that during the first meeting with his client, Movant told him he had no interest in any plea offer and wanted to take his case to trial. Id. Mr. Foreman states that despite Movant's directive, he continued to explore possible resolutions of the case with the prosecutor. Id. Anytime he tried to discuss a possible settlement with Movant, Movant strongly resisted and made it clear he wanted a trial. Id. Mr. Foreman even met with two of Movant's friends, one of whom was an attorney, to explore ways to convince Movant of the need to at least consider plea options. Id.

Regarding the specific plea agreement offered by the government in January 2005, Mr. Foreman specifically recalls trying to discuss the plea offer with Movant. Id. He states that Movant told him to "stop wasting my time and do your job." Id. Mr. Foreman

understood this to mean Movant wanted no further discussions about the offer and that he should continue to prepare the case for trial. Id. Mr. Foreman has no independent recollection of whether Movant was shown the draft plea agreement provided by the government. Id.

Additionally, Mr. Foreman asserts that contrary to Movant's affidavit, Movant did not ask to review the written plea agreement or the government's letter regarding plea negotiations, nor did he ask Mr. Foreman to provide him a written copy of the agreement. Id. Mr. Foreman further states that Movant is wrong when he says Mr. Foreman did not discuss a deadline for acceptance of the plea offer. Id. Mr. Foreman explains that throughout his representation, Movant's position was that he had engaged in no criminal conduct, that the government could not prove its case, and that he had no desire to discuss a negotiated settlement. Id. Lastly, Mr. Foreman explains that as an experienced criminal defense attorney he is well aware of his obligation to convey to his client any plea offers. Id. He says that Movant's contentions that he wanted to discuss plea options and that Mr. Foreman refused to show him a draft or ignored his requests and left him no option but to go to trial, are "patently false." Id.

Regarding the post-trial offer, Mr. Foreman prepared a memo to his file on July 14, 2005, explaining that he advised Movant about the government's offer for him to engage in a "free talk" to determine if he would be willing to cooperate with the government's prosecution of a co-defendant. Doc. #11, Exh. H. The memo reflects that Movant was advised he would have to waive his appeal rights and, according to the prosecutor, Movant could receive a 2-3 level reduction in criminal history and a 2-3 point reduction for acceptance of responsibility. Id. Further, in his affidavit, Mr. Foreman states that he discussed the government's post-trial cooperation offer in full detail with Movant. Doc. #17, Exh. A.

Movant claimss that his lawyer's failure to provide him with sufficient information about the plea offer establishes the deficient performance prong of Strickland. Regarding the second element of Strickland, Movant argues that statements in his affidavit along with other

objective evidence show that he suffered prejudice. He contends that the large discrepancy between the sentence offered in the plea agreement and the sentence received after trial supports his contention that he would have accepted the plea offer. In addition, he claims that the strength of the government's case provides further objective evidence to support his claim. Further, Movant contends that the more than two years he spent in pretrial incarceration constitutes more objective evidence that he would have accepted a plea agreement that called for only 3.5 additional years in prison. He claims that the "ample objective evidence," when taken into consideration with his affidavit, establishes that he suffered prejudice as a result of his lawyer's performance.

Movant argues that the court must accept the allegations in his affidavit as true in determining whether counsel provided ineffective assistance. The court, however, is not required to consider those allegations in a vacuum. Movant's reply fails to refute any of the assertions in his counsel's affidavit. Even if all of Movant's factual allegations are true, they do not establish ineffective assistance of counsel in the context of the circumstances asserted by Mr. Foreman. Mr. Foreman asserts, and Movant does not refute, that when he attempted to present and discuss the relevant plea agreement, Movant wanted nothing to do with it and told Mr. Foreman to stop wasting his time and do his job. Especially in light of Movant's aversion to a plea agreement since the beginning of the relationship, Mr. Foreman was under no obligation to continue pushing the issue. Movant presents no authority to show that a lawyer is required to force his client to discuss a plea when the client has made it clear from the beginning of the representation that he has no interest in such a resolution. Whether Mr. Foreman had a copy of the agreement when he attempted to discuss the offer is irrelevant given Movant's hostility toward the plea. In light of the unrefuted facts asserted by Mr. Foreman, the court finds that Movant has failed to satisfy either element of an ineffective assistance of counsel claim.

Regarding the post-trial plea offer, Movant fails to allege in his affidavit that he would have accepted the post-trial offer even if he had the information that he alleges his counsel failed to present. Absent a demonstration that the result would have been different, Movant's

ineffective assistance of counsel claim with respect to the post-trial offer must fail. The court will therefore recommend that ground one be denied.

**C.     Ground Two**

Movant alleges in ground two that his direct appeal lawyer provided ineffective assistance of counsel when he failed to file a reply brief, the task he was retained to perform. Following Movant's conviction, an attorney was appointed by the court to represent him on direct appeal. Doc. #10 at 26. That lawyer filed an opening brief on Movant's behalf on September 28, 2005. Id. Movant provides evidence showing that he then retained Patrick McGillicuddy in October 2006 for the purpose of preparing a reply brief and, if necessary, representing Movant at oral argument. Doc. #11, Exh. J, K. Mr. McGillicuddy was paid $15,000.00 for his services. Doc. #11, Exh. K. He did not file a notice of appearance until January 19, 2007, in which he acknowledged that the time for a reply brief "may have already expired." Doc. #11, Exh. M. He claims in the notice that he would make a separate request to file an untimely reply. Id. Movant contends that Mr. McGillicuddy never sought an extension of time and never filed a reply brief. Doc. #10 at 26.

In a disciplinary proceeding before the State Bar of Arizona, a Probable Cause Panelist of the State Bar found that Mr. McGillicuddy violated two rules of professional conduct when he failed to contact his client (Movant) for 14 months and charged an excessive fee for work that was not performed. Doc. #11, Exh. N. Consequently, Mr. McGillicuddy was informally reprimanded and placed on probation for one year. Id. Additionally, Mr. McGillicuddy was ordered to return the $15,000.00 fee to Movant. Id.

Movant argues that the result of the direct appeal would have been different if his lawyer had filed a reply brief. He contends that his lawyer should have argued in the reply that the four point increase in the offense level for Movant's role in the offense was not warranted. He then summarizes his involvement in this multi-layered criminal activity to show that the enhancement should not have been applied.

Movant's arguments are unpersuasive. First, as he concedes, his opening brief did not challenge the role in the offense enhancement. It was mentioned only peripherally as part

of the argument challenging the loss calculation.[2] Movant's role in the offense was not addressed in the Ninth Circuit's memorandum decision. Doc. #11, Exhibit O. Had Mr. McGillicuddy directly challenged the role in the offense enhancement as a new claim, it would likely have been rejected because it wasn't raised in the opening brief. See Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) (failure to raise an argument in an opening brief constitutes waiver). Movant contends that the government's responding brief addressed the role in the offense issue further, thus authorizing Movant to argue in the reply that the enhancement was unwarranted. Having failed, however, to attach a copy of the government's responding brief, Movant has provided nothing that would allow the court to consider his argument.

Second, and regardless of the previous argument, Movant offers no role in the offense authority to support his claim that the enhancement was improperly applied here. He offers nothing more than a summary of the same facts that were before the District Court at the time of sentencing. Citing to no authority, he contends in the reply that "generally speaking, a leader organizer is most often involved in very little hands on activity in the organization, and yet collects the majority of the proceeds." Based on this and other generalities, he argues that he was merely a middle man. He concedes, however, that the government had a "very strong case...tying him to just about every vehicle involved in the case to some degree...." Absent any legal authority to conclude the role in the offense enhancement was improperly applied, the court finds Movant's claim to be without merit.

For these reasons, the court finds that Movant has not demonstrated he suffered prejudice as a result of his appellate lawyer's conduct.[3] Accordingly, Movant has not

---

[2] Because Movant did not include among his attachments a copy of the opening brief on appeal, the court must rely on the parties' descriptions of what was in the brief.

[3] A court can decide the prejudice issue without first determining whether counsel's performance was deficient. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

1 satisfied the elements of an ineffective assistance claim and the court will recommend that
2 ground two be denied.

**D.     Evidentiary Hearing**

Lastly, Movant requests that an evidentiary hearing be held in this matter. Movant contends that where his allegations are based on occurrences outside the record, they must be taken as true. He claims that because he has presented *prima facie* allegations of ineffective assistance, an evidentiary hearing is appropriate.

28 U.S.C. § 2255 provides that a court shall grant a hearing to determine the issues "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." As explained above, even taking as true Movant's allegations regarding his trial attorney's actions surrounding the plea offer, the court finds that Movant has not presented a *prima facie* case of ineffective assistance. The lawyer's affidavit explains at length how Movant repeatedly refused to even consider a negotiated settlement. In that context, which Movant does not contest, the lawyer's actions as alleged by Movant, do not establish deficient performance or resulting prejudice.

Similarly, although the facts alleged against Movant's appellate counsel may show deficient performance, Movant has not presented a sufficient showing of prejudice to warrant an evidentiary hearing. For these reasons, the court will recommend that Movant's request for an evidentiary hearing be denied.

**IT IS THEREFORE RECOMMENDED:**

That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #1) be **DENIED**; and

That Movant's request for an evidentiary hearing be **DENIED**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 23rd day of November, 2009.

_____
Edward C. Voss
United States Magistrate Judge