**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 08-1778-PHX-DGC (ECV) |
| Plaintiff/Respondent, | No. CR 02-1170-PHX-DGC |
| v. | **ORDER** |
| Moustapha Lotfi Eljammal, | |
| Defendant/Movant. | |

Moustapha Lotfi Eljammal filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Dkt. #1. United States Magistrate Judge Edward C. Voss has issued a report and a recommendation that the motion be denied ("R&R"). Dkt. #21. Eljammal has filed an objection to the R&R (Dkt. #22) and the United States has filed a response (Dkt. #23).

The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Based on Eljammal's objections and the government's response, the Court will reject the R&R as to Ground One and hold an evidentiary hearing. The Court will accept the R&R as to Ground Two.

**I. Background.**

In 2005, a jury convicted Eljammal of altering or removing motor vehicle identification numbers, transport of stolen vehicles, sale or receipt of stolen vehicles, conspiracy, and aiding and abetting. Eljammal was sentenced to 210 months in prison

followed by three years of supervised release. Eljammal appealed. The Ninth Circuit reversed the conviction on one count, but affirmed the overall sentence.

On September 29, 2008, Eljammal filed this motion to vacate pursuant to 28 U.S.C. § 2255. He asserts two grounds for relief: (1) that his trial attorney provided ineffective assistance of counsel when he failed to advise Eljammal of a pre-trial plea offer before it expired and of a post-conviction offer of reduced sentence; and (2) that his retained appellate counsel provided ineffective assistance when he failed to file a reply brief on appeal. Dkt. #1.[1]

As to Ground One, Eljammal swears in an affidavit that his trial counsel, William Foreman, visited him in prison in January of 2005 and told him that there was a plea offer for "less than 5 years." Dkt. #10-9 at 2-3. Eljammal requested counsel to provide him with a written copy of the plea agreement, which counsel promised to bring the next day. *Id.* at 3. Counsel came the next day, told Eljammal that the offer had changed to 77 months, and still did not have a written copy of the plea agreement. *Id.* He again promised to bring a copy of the agreement the next day. *Id.* The next day, however, counsel did not bring an agreement and told Eljammal that the offer changed to 12 to 15 years. *Id.* After that, Eljammal was told that the offer had expired. *Id.* Eljammal avows that he never saw a written plea agreement despite asking for one and was never told that there was an expiration date. *Id.* He contends that, had he "seen a written plea agreement offering the low end of 70-87 months, [he] would have signed it." *Id.*

Eljammal also swears that after his conviction, counsel called to inform him that a co-conspirator had been arrested and the government would reduce Eljammal's sentence if he would assist in the prosecution. *Id.* Eljammal asserts that counsel did not advise him of any further details about the offer. *Id.* He does not assert, however, that he would have accepted the offer had it been completely relayed to him.

---

[1] Eljammal asserted a third claim in his original petition, but formally withdrew it. *See* Dkt. #10 at 4.

- 2 -

Attorney Foreman, in an affidavit submitted by the government, tells the facts quite differently. Dkt. #17-1 at 2-5. Foreman swears that at their first meeting Eljammal clearly said "he had no interest in any plea offer and was determined to take his case to trial." *Id.* at 2. Foreman contends that Eljammal "exhibited a high degree of resistance to negotiated resolution, and made it plain that he wanted a trial." *Id.* at 3. Counsel met with several friends of Eljammal to discuss ways of persuading Eljammal to consider plea options, but those efforts failed. *Id.* When Foreman attempted to discuss the government's plea offer with Eljammal, he was told to stop wasting time and do his job, which he "understood to mean that [he] should continue to prepare the case for trial and that [Eljammal] wanted no further discussion about a negotiated resolution by plea agreement." *Id.*

As to Ground Two, Eljammal was appointed counsel to represent him on appeal. Appointed counsel filed a timely appeal on September 28, 2005. In October of 2005, Eljammal retained different counsel, Patrick McGillicuddy, to file a reply brief. McGillicuddy failed to file a notice of appearance until well after the reply brief was due and did not submit a reply brief or a motion for extension of time to file a reply. Eljammal complained to the State Bar of Arizona, which reprimanded McGillicuddy, placed him on probation, and ordered him to repay the $15,000 retainer fee to Eljammal.

On November 24, 2009, Magistrate Judge Voss entered an R&R, recommending that this Court deny Eljammal's request for an evidentiary hearing and his § 2255 motion. Eljammal objects to several portions of the R&R.

**II.     Legal standard.**

Under 28 U.S.C. § 2255, a court shall grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). In determining whether to grant an evidentiary hearing, a court must consider whether, accepting the truth of petitioner's factual assertions that are not directly and conclusively refuted by the record, petitioner could prevail on his claims. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994); *Turner v. Calderon*, 281 F.3d 851 (9th Cir. 2002).

To state a claim for ineffective assistance of counsel such that he would be entitled to an evidentiary hearing, a petitioner must allege facts showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This requires a showing that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Id.* at 687.

## III. Ground One.

Eljammal makes three specific objections to the R&R's treatment of Ground One: (1) Judge Voss incorrectly found that he conceded to Foreman's version of events; (2) Judge Voss should not have accepted Foreman's contentions as true; and (3) Judge Voss erred in failing to address the second prong of the *Strickland* analysis. Dkt. #22 at 3-7. In light of these specific objections, the Court must undertake a *de novo* review of Ground One. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 149; *Reyna-Tapia*, 328 F.3d at 1121.

To show that he is entitled to an evidentiary hearing, Eljammal must allege "specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal quotations and citations omitted). An evidentiary hearing may only be denied if the claim is "'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004) (quoting *Leonti*, 326 F.3d at 1116).

Eljammal has filed an affidavit stating events that, if true, meet the first prong of the *Strickland* test – that counsel was deficient. "An attorney's failure to communicate the government's plea offer to his client constitutes unreasonable conduct under prevailing professional standards." *Blaylock*, 20 F.3d at 1466. Eljammal alleges, both as to the pre-conviction plea agreement and the post-conviction offer, that counsel failed to inform him fully of the offers or provide them at his request. *See* Dkt. #10-9 at 1-4. These claims, although directly contradicted by counsel's affidavit, are not so "palpably incredible" or "patently frivolous" as to warrant dismissal. *Howard*, 381 F.3d at 877 (internal quotations

omitted); s*ee* Dkt. #10-9 at 2-3. The Court cannot conclude that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Eljammal's affidavit satisfies the first prong of the *Strickland* test for purposes of determining whether to hold an evidentiary hearing.

To satisfy the second prong, Eljammal must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Eljammal has provided a proposed plea agreement and explanatory letter from the government suggesting that his sentence under the proposed agreement would have been 70 months or lower. *See* Motion Exs. B & C. His affidavit states that he would have accepted such a plea. *Id*. Ex. E. If true, this is sufficient to satisfy the prejudice prong of *Strickland*. Eljammal does not state, however, that he would have accepted the post-conviction offer if it had been relayed to him properly. He has therefore failed to satisfy the prejudice prong with respect to the post-conviction offer.

The Court concludes that Eljammal is entitled to an evidentiary hearing on the pre-conviction portion of Ground One – specifically, whether trial counsel rendered ineffective assistance by failing to communicate the pre-conviction plea agreement offer to Eljammal. The Court will grant Eljammal's request for an evidentiary hearing on this issue.

**IV.     Ground Two.**

Eljammal contends that he was prejudiced by his retained counsel's failure to file a reply brief on appeal. Specifically, he argues that a four-level sentencing enhancement for his role in the offense would not have been affirmed on appeal had a reply brief been filed.

As his motion before Judge Voss admitted, Eljammal did not challenge the four-level sentencing enhancement in his opening brief on appeal. Dkt. #10 at 27-28. Because the issue was not raised in the opening brief, the Ninth Circuit would not have allowed it to be raised for the first time in a reply brief. *Delgadillo v. Woodward*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived."). Eljammal therefore has failed to show that he was prejudiced by counsel's failure to file a reply brief.

Eljammal argues that he could have challenged the four-point enhancement because the government's response brief raised the issue. This clearly is incorrect. The government's response did not challenge or address the four-point enhancement. It argued that Eljammal's sentence was reasonable when compared to his co-conspirators because he took the leading role in the conspiracy (Dkt. #22-6 at 19), but this factual argument in response to other Eljammal arguments did not question in any respect the propriety of the four-level enhancement.

The Court's *de novo* review of Ground Two shows that Eljammal failed to show prejudice, the second prong of the *Strickland* test. The Court will accept Judge Voss's recommendation that Ground Two be denied.

**IT IS ORDERED:**

1. The R&R (Dkt. #21) is **accepted in part and denied in part**.
2. The Court will hold an evidentiary hearing on Ground One of Eljammal's motion at **9:00 a.m. on February 23, 2010**. The Court will set aside three hours for the hearing, although it is likely to take less time. As the question to be addressed is the nature of the discussions between Eljammal and his counsel, William Foreman, on the pre-conviction plea negotiations, the government should be prepared to call Mr. Foreman to testify and to present other evidence in support of its position, and counsel for Mr. Eljammal should be prepared to call Mr. Eljammal to testify and to present other evidence in support of his position. If counsel have questions or concerns about the hearing, they should place a joint conference call to the Court.

DATED this 27th day of January, 2010.

_____
David G. Campbell
United States District Judge